**NEAL M. UNGER, P.C.**
**ATTORNEYS AT LAW**
**3-E AUER CT.**
**EAST BRUNSWICK, NEW JERSEY 08816**
**(732)390-1744**
**NEALMUNGERPC@AOL.COM**
**ATTORNEYS FOR PLAINTIFF**
**NU8088**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL KYSER, <br><br> Plaintiff, <br><br> v. <br><br> SMYYTH LLC, FRANK BONI, KRISTEN METZGER, KAREN MCCANN, JOHN DOES 1-10, and X, Y and Z CORPORATIONS, <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Paul Kyser, residing at 6 Sturbridge Drive, in the Township of Piscataway, County of Middlesex, and State of New Jersey by way of Complaint against Defendants says:

**PARTIES**

1. Plaintiff, Paul Kyser, is a male African-American who commenced full time regular employment with Defendants Smyyth, LLC, and/or X, Y and Z Corporations, (fictitious entities the identities of which are currently unknown) (hereinafter

1

collectively the "Defendants") on or about February 23, 2015. Prior to that time and periodically since July 31, 2008, Plaintiff was employed on a temporary basis by Defendants and/or related entities. At all times relevant to this Complaint, Plaintiff has worked for Defendant(s) as a Collector, with an office located at 51 Cragwood Rd., Suite 200 in South Plainfield, County of Middlesex, and State of New Jersey.

2. Upon information and belief, at all relevant times Defendant Smyyth LLC is a Limited Liability Company organized under the laws of New Jersey and has a corporate headquarters located at 51 Cragwood Rd., South Plainfield, County of Middlesex, State of New Jersey.

3. Upon information and belief, at all times relevant to this Complaint Defendant Smyyth LLC had gross annual revenue of not less than $500,000.00.

4. Defendant(s), Frank Boni and John Does 1-10 (fictitious persons whose identities are currently unknown) are, and at all times relevant to this Complaint were supervisory and/or managerial officers and employees of Smyyth, LLC. Defendant Boni was Plaintiff's direct supervisor.

5. Upon information and belief, at all times relevant to this Complaint, Defendant Kristen Metzger was the Chief Executive Officer of Smyyth, LLC.

6. Upon information and belief, at all times relevant to this Complaint, Defendant Karen McCann was the Vice President of Operations and Product of Smyyth, LLC.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff seeks relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq (hereinafter referred to as the "FLSA").

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's related state claims, which are so closely related to Plaintiff's claim for relief that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all known Defendants are located or reside within the District of New Jersey. Plaintiff was employed by Defendant Smyyth, LLC at its business premises located at 51 Cragwood Road, South Plainfield, New Jersey, and the events giving rise to Plaintiff's claims occurred in this District.

## FACUAL BACKGROUND

10. During the period of Plaintiff's employment with Defendants Plaintiff was compensated at a rate of $18.00 USD per hour. Plaintiff's regular working hours were Monday through Friday, 8:30 A.M. to 5:00 p.m., with one half-hour break for lunch, for a total of forty (40) hours per week.

11. However, Plaintiff was often required to work for Defendants in excess of forty (40) hours per week without additional compensation. For example, and without limitation, Defendant Boni would give Plaintiff large projects at the end of the workday, requiring Plaintiff to work well past 5:00 p.m. to complete these tasks.

12. On average, Plaintiff worked three (3) or more hours per week over forty (40) hours without compensation.

13. To date, Plaintiff has not been compensated for any hours worked in excess of forty (40) hours.

14. For some time prior to his termination, Defendants, individually and/or by or through their servants, agents and/or employees, harassed and intimidated Plaintiff, treating him differently and with less respect than similarly situated, non-African-American employees.

15. By way of example, without limitation, Defendants failed to increase Plaintiff's pay or conduct any reviews of

4

Plaintiff's job performance during his years of employment; compelled Plaintiff to work overtime without pay; screamed at Plaintiff; threatened and physically intimidated Plaintiff; made false and demeaning accusations against Plaintiff, i.e., falsely accusing Plaintiff of tampering with computer codes, and demeaned and ridiculed Plaintiff's manner of speech.

16. For example, on one such occasion, in approximately the Fall of 2014, Defendant Boni accused Plaintiff of altering computer codes. Plaintiff subsequently learned that the change in codes was the result of a computer error. However Defendant Boni refused to believe Plaintiff and stated that if the error occurred again, "You're done, you're finished, you're through."

17. On another occasion, in approximately January of 2015, Defendant Boni came to Plaintiff's desk to speak to him about a collection account. During the discussion, Defendant Boni raised his voice, put his hand right in Plaintiff's face and began screaming, "Shut up, shut up, shut up!"

18. On other occasions during business conversations Defendant Boni repeatedly told Plaintiff in a demeaning and disrespectful manner to, "Shut up, don't talk."

19. On repeated occasions Defendant Boni ridiculed Plaintiff's manner of speech by saying, "You speak messed up, I don't understand you."

20. Upon information and belief, the great majority of the employees in Plaintiff's workplace were non-African-American, and the employee who replaced Plaintiff after his termination was Caucasian.

21. Upon information and belief, the great majority of the employees in Plaintiff's workplace were younger than Plaintiff, and the employee who replaced Plaintiff was younger.

22. At all times relevant to this Complaint, Plaintiff made several complaints to Defendants about the unfair treatment and discrimination he suffered at Defendants' hands.

23. For example, and without limitation, Plaintiff reported an incident of Defendant Boni's improper conduct to Defendant Metzger and requested a transfer out of Defendant Boni's department. Defendant Metzger did nothing personally, but referred the matter to Defendant McCann who, after a brief investigation and meeting, merely instructed Defendant Boni not to do it again.

24. Instead of curbing Defendant Boni's conduct, the meeting provoked further harassing and discriminatory mistreatment of Plaintiff by Boni.

25. Defendants further retaliated against Plaintiff by, at for example and without limitation, (a) hindering Plaintiff's efforts to be transferred, and (b) failing to conduct any

6

performance reviews or give wage increases, despite Plaintiff's years of diligent service to Defendants.

26. On or about April 28, 2016, Defendants wrongfully discharged Plaintiff from his employment with Defendants.

27. Plaintiff was born on Dec. 6, 1943, being seventy-two (72) years old at the time of his termination on April 28, 2016.

**FIRST COUNT (FLSA)**

28. Plaintiff repeats and re-alleges each of the allegations of the Factual Background of this Complaint as if set forth fully herein at length and incorporates same by reference hereto.

29. During the period of Plaintiff's employment, Plaintiff worked for Defendants in excess of forty (40) hours per week.

30. On average, Plaintiff worked three (3) or more hours per week over forty (40) hours without pay.

31. Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half times the normal hourly pay rate for hours worked in excess of forty (40) hours per week.

32. Upon information and belief, at all relevant times Defendant Smyyth LLC's gross annual revenue was not less than $500,000.00.

33. Plaintiff was not a supervisor or bona fide administrator,

7

live in caregiver, management, or otherwise exempt employee as defined by the FLSA and relevant regulations.

34. Defendants' actions were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

35. Defendants' actions violated Plaintiff's rights under the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 et seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually, jointly and/or severally as follows:

- a) for compensatory damages;
- b) for damages for economic loss, including, without limitation, lost wages and fringe benefits;
- c) for liquidated damages pursuant to the FLSA;
- d) for attorneys fees;
- e) for costs of suit;
- f) for lawful interest, including prejudgment interest; and
- g) for such other and further relief as the Court deems appropriate and just.

**SECOND COUNT (NJLAD DISCRIMINATION - RACE)**

36. Plaintiff repeats and re-alleges each of the allegations of the Factual Background and First Count of this Complaint as if set forth fully herein at length and incorporates same by

reference hereto.

37. Upon information and belief, Plaintiff's race (African-American) was, at the very least, a substantial factor in Defendants' wrongful discharge and discriminatory treatment of Plaintiff.

38. The reasons stated for Plaintiff's termination are without merit and cannot be substantiated by Defendants. The reasons given by Defendants for Plaintiff's termination were a pretext for the real reason, which is Plaintiff's race.

39. Upon information and belief, Defendants', individually, jointly, and/or severally, unlawfully discriminated against Plaintiff on the basis of his race (African-American) in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. (hereinafter referred to as the "NJLAD").

41. Defendants' discriminatory treatment of Plaintiff has caused Plaintiff to suffer severe emotional distress, humiliation, loss of income, financial hardship, and other damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually, jointly, and/or severally as follows:

a) for compensatory damages;

b) for damages for economic loss, including, without

limitation, lost wages and fringe benefits;

c) for punitive damages;

d) for attorneys fees;

e) for costs of suit;

f) for lawful interest, including prejudgment interest; and

g) for such other and further relief as the Court deems appropriate and just.

### THIRD COUNT (HOSTILE WORK ENVIRONMENT - RACE)

42. Plaintiff repeats and re-alleges each of the allegations of the Factual Background, and both the First and Second Counts of this Complaint as if set forth fully herein at length and incorporates same by reference hereto.

43. Defendants' discriminatory conduct and treatment of Plaintiff created a hostile work environment for Plaintiff in whole or in substantial part due to his race, i.e. African-American.

44. Defendants' creation and perpetuation of a hostile work environment is in violation of the NJLAD.

45. Defendants' subjecting of Plaintiff to a hostile work environment has caused Plaintiff to suffer severe emotional distress, humiliation, loss of income, financial hardship, and

other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually, jointly, and/or severally as follows:

    a)    for compensatory damages;

    b)    for damages for economic loss, including, without limitation, lost wages and fringe benefits;

    c)    for punitive damages;

    d)    for attorneys fees;

    e)    for costs of suit;

    f)    for lawful interest, including prejudgment interest; and

    g)    for such other and further relief as the Court deems appropriate and just.

## FOURTH COUNT (NJLAD DISCRIMINATION - AGE)

46. Plaintiff repeats and re-alleges each of the allegations of the Factual Background, First, Second and Third Counts of the Complaint as if set forth fully herein at length and incorporate same by reference hereto.

47. Plaintiff was born on Dec. 6, 1943, being seventy-two (72) years old at the time of his termination on April 28, 2016.

48. For some time prior to his termination, Defendants, through their servants, agents and/or employees, harassed Plaintiff,

treating him differently and with less respect than similarly situated younger employees.

49. Upon information and belief, the fact that Plaintiff was seventy-two (72) years of age at the time of his discharge was, at the very least, a substantial factor in Defendants' wrongful discharge and discriminatory treatment of Plaintiff.

50. The reasons stated for Plaintiff's termination are without merit and cannot be substantiated by Defendants. The reasons given by Defendants for Plaintiff's termination were a pretext for the real reason, which is Plaintiff's age.

51. Upon information and belief, Defendants unlawfully discriminated against Plaintiff on the basis of his age in violation of the NJLAD.

52. Defendants' discriminatory treatment has caused Plaintiff to suffer severe emotional distress, humiliation and financial hardship.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually, jointly and/or severally as follows:

    a)    for compensatory damages;

    b)    for damages for economic loss, including, without limitation, lost wages and fringe benefits;

    c)    for punitive damages;

    d)    for attorneys fees;

    e)    for costs of suit;

    f)    for lawful interest, including prejudgment interest; and

    g)    for such other and further relief as the Court deems appropriate and just.

### FIFTH COUNT (HOSTILE WORK ENVIRONMENT - AGE)

53. Plaintiff repeats and re-alleges each of the allegations of the Factual Background, First, Second, Third and Fourth Counts of this Complaint as if set forth fully herein at length and incorporates same by reference hereto.

54. Defendants' discriminatory conduct and treatment of Plaintiff created a hostile work environment for Plaintiff in whole or in substantial part due to his age.

55. Defendants' creation and perpetuation of a hostile work environment is in violation of the NJLAD.

56. Defendants' subjecting of Plaintiff to a hostile work environment has caused Plaintiff to suffer severe emotional distress, humiliation, loss of income, financial hardship, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually, jointly, and/or severally as follows:

    a)    for compensatory damages;

b) for damages for economic loss, including, without limitation, lost wages and fringe benefits;

c) for punitive damages;

d) for attorneys fees;

e) for costs of suit;

f) for lawful interest, including prejudgment interest; and

g) for such other and further relief as the Court deems appropriate and just.

### SIXTH COUNT (NJLAD - RETALIATION)

57. Plaintiff repeats and re-alleges each of the allegations of the Factual Background, First, Second, Third, Fourth and Fifth Counts of this Complaint as if set forth fully herein at length and incorporates same by reference hereto.

58. Upon information and belief, Defendants' harassment and mistreatment of Plaintiff was, at least in substantial part, in retaliation for Plaintiff's complaints to Defendants.

59. Upon information and belief, Defendants' harassment and mistreatment of Plaintiff constitutes unlawful retaliation and discrimination in violation of the NJLAD.

60. Defendants' discriminatory treatment of Plaintiff has caused Plaintiff to suffer severe emotional distress, humiliation, loss

of income, financial hardship, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually, jointly, and/or severally as follows:

    a)   for compensatory damages;

    b)   for damages for economic loss, including, without limitation, lost wages and fringe benefits;

    c)   for punitive damages;

    d)   for attorneys fees;

    e)   for costs of suit;

    f)   for lawful interest, including prejudgment interest; and

    g)   for such other and further relief as the Court deems appropriate and just.

### SEVENTH COUNT (EMOTIONAL DISTRESS)

61. Plaintiff repeats and re-alleges each of the allegations of the Factual Background, First, Second, Third, Fourth, Fifth and Sixth Counts of this Complaint as if set forth fully herein at length and incorporates same by reference hereto.

62. Defendants' acts constitute the intentional and/or negligent infliction of emotional distress on Plaintiff.

63. Said acts caused Plaintiff to suffer embarrassment, emotional distress, physical distress, loss of income, financial hardship, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually, jointly and/or severally as follows:

- a) for compensatory damages;
- b) for damages for economic loss, including, without limitation, lost wages and fringe benefits;
- c) for punitive damages;
- d) for attorneys fees;
- e) for costs of suit;
- f) for lawful interest, including prejudgment interest; and
- g) for such other and further relief as the Court deems appropriate and just.

### JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all issues raised by the Pleadings.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Federal Rule of Civ. Pro. 26, demand is hereby made that Defendants disclose to Plaintiff's Attorney whether

there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a Judgment which may be entered in this action or indemnity or reimburse for payments made to satisfy the Judgment and provide Plaintiffs Attorney with true copies of such insurance agreements or policies, including but not limited to any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

## CERTIFICATION

I certify pursuant to Fed.R.Civ.Pro. 11(a) that the complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivilous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of

factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

                                  NEAL M. UNGER, P.C.
                                  Attorneys at Law
                                  Attorneys for Plaintiff,
                                  *Paul Kyser*

By: _____
            Neal M. Unger, Esq. (NU8088)
            3-E Auer Court
            East Brunswick, NJ 08816
            nealmunger@aol.com
            (732) 390-1744

DATED: June 15, 2017